**THE CAVANAGH LAW FIRM**
A Professional Association

**1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
602-322-4009**
www.cavanaghlaw.com

David A. Selden (AZ Bar 007499)
dselden@cavanaghlaw.com
Julie A. Pace (AZ Bar 014585)
Jpace@cavanaghlaw.com
Heidi Nunn-Gilman (AZ Bar 023971)
hnunngilman@cavanaghlaw.com

*Attorneys for Defendant*

Clifford P. Bendau, II
**THE BENDAU LAW FIRM, PLLC**
Post Office Box 97066
Phoenix, Arizona 85060
Phone: (480) 382-5176
Fax: (480) 304-3805
cliffordbendau@bendaulaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sydney Colunga, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>Romulus, Inc. d/b/a IHOP, an Arizona corporation,<br><br>Defendant. | No. 2:14-CV-00265-SMM<br><br>**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT** |

Plaintiff Sydney Colunga and Defendant Romulus, Inc. hereby submit their Joint Motion to Approve Settlement Agreement pursuant to this Court's Order issued on August 5, 2019 that directed the parties submit a Joint Motion to Approve Settlement Agreement that demonstrates that the settlement is a fair and reasonable compromise of the issues. A copy of the Settlement Agreement is attached hereto, with the dollar amount of the settlement redacted. Defendant has submitted a Motion requesting that an unredacted

version of the Settlement Agreement, which includes the dollar amount, be allowed to be submitted under seal. Plaintiff does not oppose that Motion. If the Court denies the Motion to file the Settlement Agreement with a redacted dollar amount, Defendant will file an unredacted copy of the Settlement Agreement. If the Court grants the Motion, Defendant will submit the unredacted copy of the Settlement Agreement under seal.

As this Court is very familiar, this case is one of the "tip credit" cases. In those cases, Plaintiffs allege that they spent more than 20% of their work time performing non-tipped duties and that the tip credit cannot be taken for those hours. The so-called "80/20 rule" was the subject of multiple other cases pending in this District. This case was stayed while eight of the other tip credit cases were consolidated for appeal before the Ninth Circuit Court of Appeals and were subsequently remanded to this Court. The Department of Labor has subsequently issued an opinion letter and taken other steps that withdraw the "80/20 rule," and there is litigation pending in multiple district courts regarding the impact of the Department of Labor's current position.

With the uncertainty of this area of law and the time and expense that would be required to litigate the factual issues and to adjudicate the legal issues regarding the tip credit and the 80/20 rule, the Parties believe that the Settlement Agreement they have reached is reasonable.

Defendant submits the following additional information in support of the reasonableness of the Settlement Agreement.

Ms. Colunga was employed at an IHOP restaurant affiliated with Defendant from May 21, 2012 until September 1, 2013, just less than one year and four months. During that time she worked 2,142.09 hours, including 8.81 hours of overtime for which she was paid overtime and 27.51 hours of time spent in training for which she was paid the full minimum wage without application of the tip credit for those training hours.

The issues in this case therefore include:

(1) whether, under current law, the "80/20 rule" applies and whether Plaintiff is entitled to a higher wage[1] for any hours spent in excess of 20% of her work time performing what is alleged to be non-tipped duties;

(2) whether Plaintiff worked more than 20% of her time during any workweek performing non-tipped duties; and

(3) if the answer to issues 1 and 2 are in the affirmative, how many hours did Plaintiff work performing non-tipped duties in excess of 20% of the hours that she worked during any of the weeks when she was employed in 2013.

Shortly after this case was filed in 2014, Defendant, for the IHOP restaurants that are operated by its affiliated entities, implemented additional steps to measure the amount of time that servers perform work that is alleged by some to be non-tipped duties. Those additional steps would alert Defendant's management if there was ever an occasion arising during which any server in any restaurant approached anywhere close to even 15% of the server's time performing non-tipped duties. Those additional measures and the input of information by thousands of servers confirm Defendant's confidence that Plaintiff did not perform anywhere close to 20% of her time doing non-tipped duties.

Thus, Defendant's position is that any settlement in any amount for Plaintiff is generous and much more than a fair and reasonable settlement. From Defendant's perspective, the settlement is being made because, after five and one half years of litigation, Defendant expects that Plaintiff would continue to pursue litigation regarding the legal effect of the "80/20 rule" even though Defendants maintain that that rule simply has no

---

[1] The amount of the tip credit is $3.00 per hour pursuant to Arizona law, not the larger tip credit available under federal law.

9083447_1                                3

application to the experience of servers in restaurants operated by affiliates of Defendant. This is because Defendants maintain that no servers, including Plaintiff, come anywhere close to performing 20% of their time doing non-tipped tasks.

RESPECTFULLY SUBMITTED this 13th day of September, 2019.

**THE CAVANAGH LAW FIRM, P.A.**

By: */s/David A. Selden*
David A. Selden
Julie A. Pace
Heidi Nunn-Gilman
*Attorneys for Defendant*

**THE BENDAU LAW FIRM, PLLC**

By: */s/Clifford P. Bendau, II*
Clifford P. Bendau, II
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify, that on the 13th day of September, 2019, I electronically transmitted the attached to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clifford P. Bendau, II
THE BENDAU LAW FIRM, PLLC
Post Office Box 97066
Phoenix, Arizona 85060
cliffordbendau@bendaulaw.com
*Attorneys for Plaintiff*

*/s/Michelle Renee Mercure*